The ÆTNA LIFE INSURANCE COMPANY *v.* STROBEL.

4-6350                                                    150 S. W. 2d 965

Opinion delivered May 19, 1941.

*Westbrooke & Westbrooke* and *Owens, Ehrman & McHaney,* for appellant.

*Charles Frierson, Jr.,* and *Chas. D. Frierson,* for appellee.

GRIFFIN SMITH, C. J. A single question is presented: Was there substantial evidence to sustain the jury's verdict that Arthur C. Strobel died before midnight, January 29, 1938? If there is an affirmative answer, appellee is entitled to recover on her judgment for $4,000, with interest, penalty, attorney's fee, etc. If substantial evidence is lacking, the judgment must be reversed.

The insured was employed by St. Louis Independent Packing Company—a subsidiary of Swift & Company— in October, 1937. He acquired membership in Swift & Company Employment Benefit Association and was insured under a group policy issued by The Aetna Life Insurance Company. Strobel was stationed at Huntington, West Virginia, where he had resided with his wife for six months. He had possession of a company car, and using it, ostensibly, in due course of business, left home about 1:15 Friday afternoon, January 28, 1938. At 2:30 of the same day the company car was parked in a Huntington garage. June 18, 1938, Strobel's body, badly decomposed, was found in the St. Lawrence river near Montreal.

One Canadian two-dollar bill, two Canadian one-dollar bills, and an American one-dollar bill were found in his pockets.

The insured's movements between 1:15 January 28 and June 18 are not accounted for. The only question submitted to the jury was whether Strobel died before midnight, January 29.

It was stipulated that after one o'clock January 28, the first afternoon train from Huntington "toward Montreal" left at 3:25, and that by taking this train Strobel could have reached the Canadian city at 9:45 p. m., January 29.

There were no marks of violence on the body. Medical evidence was that the corpse had been in water sev-

eral months, and that death was due to asphyxiation by submersion. The coroner's findings were that death was due to "a probable accidental cause"; that it was not imputable to crime, "neither to the negligence of anybody," and there was no necessity of a jury's inquest.

Appellee contends that because no motive was shown for Strobel's disappearance, and it was *possible* for him to have reached Montreal or some point on the southern shores of Lake Erie, Lake Ontario, or the St. Lawrence river prior to midnight of January 29, coupled with medical evidence that the body had been in water several months, an inference arose from which the jury could reasonably find that Strobel made the trip and died before the insurance lapsed, or that he was killed or kidnapped shortly after 1:15, January 28. Availability of air transportation is also suggested.

Among Strobel's belongings, found in the company's automobile in Huntington, was a report showing customer collections of $185.47. Net salary due Strobel for the week ending January 29 was $25.82. This was credited against the apparent obligation, leaving a balance of $159.66, which Strobel's father paid February 18, 1938.

The plaintiff offered no affirmative proof that Strobel's death occurred within the limited period; nor are the circumstances such as to give substance to an inference acceptable to reasonable minds.

It is not sufficient to say the insured *might* have met death before midnight of the 29th. There must be some condition from which, in normal sequence, it may be presumed that death occurred on or before the stated time.

In the case at bar the probabilities are opposed to the conclusion reached by the jury. *Ætna Life Insurance Company* v. *Robertson*, 195 Ark. 237, 112 S. W. 2d 436; *DeReeder* v. *Travelers Insurance Company*, 329 Pa. 328, 198 Atl. 45 (Pa., 1938).

The judgment is reversed, and the cause is dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent.